IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ARTHUR ANTHONY BAXTER,**

       **Petitioner,**

v.                                            **Case No. 5:19-cv-00261**

**D. L. YOUNG, Warden,**
**FCI Beckley,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On April 8, 2019, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), as well as an Application to Proceed without Prepayment of Fees or Costs. (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending is Respondent's Motion to Dismiss, (ECF No. 15), in which he argues that the petition for habeas relief should be denied as moot. Having reviewed the matter, the undersigned agrees with Respondent. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss, (ECF No. 15); **DENY** the Application to Proceed without Prepayment of Fees or Costs as moot, (ECF No. 2); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1), and remove this matter from the docket of the Court.

I.    **Relevant History**

Petitioner, Arthur Anthony Baxter ("Baxter"), filed this § 2241 petition while incarcerated at Federal Correctional Institution, Beckley, located in Beaver, West Virginia. (ECF No. 1). At the time he filed his petition, Baxter was serving a 300-month sentence for a bank robbery conviction obtained in violation of 18 U.S.C. § 2113 (a) and (d). (ECF No. 12-3 at 1). Following a jury trial, Baxter was sentenced by the United States District Court for the Northern District of West Virginia ("District Court") on May 22, 1996. (*Id.*). In addition to the 300-month term of imprisonment, Baxter was sentenced to five years of supervised release. (*Id.* at 3).

Baxter appealed his conviction to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *United States v. Baxter*, 112 F.3d 510 (4th Cir. 1997). The Fourth Circuit issued an opinion on May 1, 1997, affirming Baxter's conviction and rejecting his contention that the District Court erred in admitting certain evidence at trial. *Id.* On March 30, 1998, Baxter submitted a Motion to Vacate under 28 U.S.C. 2255 and a contemporaneous motion requesting access to records. *United States v. Baxter*, 2:95-cr-00008-TSK-MJA-1 (N.D.W. Va. May 1995) at ECF Nos. 67, 68. On August 14, 2001, the District Court entered an Order denying Baxter's motions. *Id.* at 69. The District Court determined that Baxter's various arguments regarding his attorney's ineffectiveness, errors made by the District Court at trial, and misconduct by the United States were meritless. *Id.* at 1-2. The District Court additionally determined that Baxter's arguments regarding his sentence were unavailing. *Id.* at 2.

Baxter appealed the dismissal of his § 2255 motion on July 14, 2006. *Id.* at ECF No. 72. On October 26, 2006, the Fourth Circuit dismissed Baxter's appeal as untimely. *Baxter*, 2:95-cr-00008-TSK-MJA-1 at ECF No. 78. On January 26, 2007, the Fourth

Circuit denied Baxter's petition for a rehearing *en banc*. *Id.* at ECF No. 80.

On October 17, 2011, Baxter filed a Motion for Credits Time Served [sic]. *Id.* at ECF No. 95. In the motion, Baxter asserted that he was entitled to credit against his sentence for time he spent in detention while awaiting trial. *Id.* at 1. On October 27, 2011, the District Court denied Baxter's motion, finding that he was not entitled to credit for time spent in state custody on charges separate from his federal conviction. *Id.* at ECF No. 97 at 2-3. On July 11, 2013, Baxter filed a motion requesting permission to file a second or successive petition under § 2255. *Baxter*, 2:95-cr-00008-TSK-MJA-1 at ECF No. 99. Baxter asserted that he was entitled to file this petition based on the recently issued decision by the Supreme Court of the United States ("Supreme Court"), *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Id.* at 1. The District Court denied this request on September 12, 2013. *Id.* at ECF No. 100. The District Court determined that, as Baxter had not been subjected to any sentencing enhancement which increased his mandatory minimum sentence, *Alleyne* was not applicable. *Id.* at 2.

On November 9, 2015, Baxter filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the District Court. *Baxter v. Saad*, 1:15-cv-00211-IMK-MJA (N.D.W. Va. Nov. 2015) at ECF No. 1. In the petition, Baxter contended that he had been subjected to a disciplinary hearing which lacked due process; that the Federal Bureau of Prisons ("BOP") had wrongfully declined to credit time spent in federal custody while awaiting trial against his sentence; and that he had been subjected to physical and psychological abuse and denied access to the courts. *Id.* at 5-6. On July 5, 2016, a United States Magistrate Judge assigned to the case issued a Report and Recommendations ("R&R"), recommending that the habeas petition be denied. *Id.* at ECF No. 22.

On August 2, 2016, the District Court adopted the R&R over Baxter's objections and dismissed the petition. *Id.* at ECF No. 25. The District Court first granted Baxter's request to withdraw his allegations related to improper treatment at the hands of BOP staff, recognizing that this claim was not cognizable in a § 2241 petition. *Id.* at 9-10. The District Court determined that Baxter was not denied due process rights during a disciplinary hearing which resulted in the revocation of good time credits, as the BOP had afforded Baxter all the due process protections to which he was entitled during the course of the proceedings. *Id.* at 13-14. Finally, the District Court denied Baxter's claim that he was entitled to credit against his sentence for time spent in federal custody awaiting trial, as this time had been credited against a sentence imposed by the State of Maryland. *Id.* at 15-16. The District Court accordingly dismissed the petition. *Id.* at 19.

On April 8, 2019, Baxter filed the instant § 2241 petition. (ECF No. 1). Baxter contends that he is entitled to early release pursuant to the First Step Act ("FSA"), which was passed by Congress in December 2018. (*Id.* at 5). Baxter believes that the BOP's refusal to "immediately calculate" his sentence in accordance with the requirements of the FSA will result in an improperly extended sentence. (*Id.*). Baxter requests that this Court order the BOP to properly implement the FSA and calculate Baxter's sentence in accordance with the Act's requirements. (*Id.* at 8).

The undersigned issued an Order on May 9, 2019, providing Respondent with thirty days to show cause why the relief requested should not be granted and five days to provide the Court with Baxter's trust account information. (ECF No. 9). Respondent failed to comply with the portion of the Order requiring him to provide Baxter's trust account information. Consequently, the merits of Baxter's Application to Proceed Without Prepayment of Fees and Costs could not be assessed.

However, on May 28, 2019, Baxter submitted a Memorandum in support of his § 2241 petition. (ECF No. 11). In this filing, Baxter reiterates his argument that the BOP is attempting to improperly "circumvent" the application of the FSA to his sentence. (*Id.* at 1). Baxter also asserts that his scheduled placement in a halfway house had been cancelled by the BOP without explanation. (*Id.*).

On June 7, 2019, Respondent filed a Response to Order to Show Cause. (ECF No. 12). Respondent argues that the petition should be dismissed as it was filed prematurely. (*Id.* at 2). Respondent contends that the BOP is not required to apply the mandates of the FSA relating to the calculation of good time credits, because that provision of the law had not yet gone into effect. (*Id.* at 2-3). Respondent attached a number of exhibits to the Response. These exhibits include an affidavit prepared by Tiffanie Little, a Legal Assistant for the BOP Mid-Atlantic Regional Office. (ECF No. 12-1 at 1). Ms. Little asserts that at the time the affidavit was executed, May 17, 2019, Baxter's projected release date was December 3, 2019. (*Id.* at 1-2). Ms. Little states that when the FSA provisions related to good time credits go into effect, Baxter's allotted good time credits will be automatically recalculated and he will be issued a new release date. (*Id.* at 1-2). This release date will be offset by the number of lost good time credit days due to disciplinary infractions. (*Id.* at 2).

On June 21, 2019, Baxter issued a Reply to Respondent's Response. (ECF No. 14). Baxter asserts that Respondent has erroneously recalculated his release date as being July 19, 2019. (*Id.* at 1). Baxter also takes issue with the revocation of his placement in a halfway house, an act he contends was done without explanation or justification. (*Id.* at 1-2). Baxter argues that the BOP plans to release him without a proper plan for his successful reentry into society and requests that an emergency hearing be held regarding

5

his release. (*Id.* at 2-3).

On August 19, 2019, Respondent submitted the pending Motion to Dismiss, arguing that Baxter's July 19, 2019 release from prison has mooted his petition. (ECF No. 15 at 1). Respondent attached an affidavit prepared by Ms. Little in which she confirms that Baxter was released from custody on July 19, 2019 based on a good time credits calculation. (ECF No. 15-1 at 1). On August 20, 2019, the undersigned entered an Order directing Baxter to file a response to Respondent's motion to dismiss within 14 days of the entry of the Order. (ECF No. 16). The Order was not able to be delivered to Baxter as he had been released from custody and did not provide an updated address. (ECF No. 17).

## II. **Standard of Review**

Although Respondent does not state under which rule he brings the motion to dismiss, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg &*

*Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Baxter's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III.  Discussion

**1. The petition is moot**

As a prerequisite to the exercise of federal jurisdiction, the complaint before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening

factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir.2007). Therefore, when a federal prisoner files a habeas corpus petition seeking injunctive relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842.

8

First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

The Fourth Circuit has recently clarified the extent to which release from custody will moot a challenge to a sentence. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). In that case, the defendant challenged his sentence on appeal as procedurally and substantively unreasonable. *Id.* The United States argued that, because the defendant had served his custodial term of incarceration, his claim was moot, notwithstanding that he continued to serve a term of supervised release. *Id.* at 65. The Fourth Circuit rejected this contention, finding that the custodial term and the term of supervised release presented a "unitary" sentence, and "a challenge to that sentence presents a live controversy, even

though [the defendant] has served the custodial portion of that sentence." *Id*. The Fourth Circuit explained that "[a]lthough the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id*. at 66.

In this case, neither exception applies. Baxter is currently serving a term of supervised release. *Baxter*, 2:95-cr-00008-TSK-MJA-1 at ECF No. 104. However, this collateral consequence is insufficient to sustain Baxter's habeas petition given the nature of the claim raised and the relief he requests. Baxter does not challenge his conviction or raise a substantive challenge to his sentence as imposed; rather, he brings this petition to challenge the BOP's alleged improper calculation of his sentence in accordance with the requirements of the FSA. The BOP has since recalculated Baxter's sentence in conformity with the provisions of the FSA and released him from custody. An order instructing the BOP to do what it has already done would provide no effectual relief for Baxter.

"Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Following the decision in *Ketter,* courts have continued to find moot habeas petitions which raise challenges to the execution, rather than the imposition, of a sentence, including claims which assert that the BOP has failed to conform to the requirements of the FSA. *See, e.g., Jennings v. Andrews,* No. 5:19-HC-2029-BO, 2019 WL 6211268, at *2 (E.D.N.C. Nov. 20, 2019) (petitioner's claims raised pursuant to FSA were rendered moot by release from custody

while substantive claims were not); *Villar v. FCI Gilmer, Warden*, No. 5:19CV207, 2019 WL 5790976, at *1 (N.D.W. Va. Nov. 6, 2019) (holding that, as petitioner's good conduct time was recalculated pursuant to the First Step Act, the relief that he was requesting was granted without court intervention, rendering the petition moot.); *Sneed v. Joyner,* No. 518CV02448DCCKDW, 2019 WL 2090849, at *2 (D.S.C. Mar. 19, 2019), *report and recommendation adopted*, No. 5:18-CV-02448-DCC, 2019 WL 2089544 (D.S.C. May 13, 2019) ("Petitioner has received the relief he seeks in the 28 U.S.C. § 2241 Petition under review: to be released. Accordingly, his Petition may be dismissed without prejudice as moot."); *see also United States v. Rivera*, No. CR 08-271 (DWF/SER), 2019 WL 6464786, at *2 (D. Minn. Dec. 2, 2019) ("The Court finds that Defendant's GCT was revised according to statute as amended by the First Step Act, resulting in his release and rendering his motion moot.").

Baxter's challenge to the calculation of his sentence cannot serve as a basis to maintain his petition despite his release from custody because, even assuming his argument that the BOP incorrectly calculated his release date is correct, this would have no effect on Baxter's term of supervised release. *See United States. v. Johnson*, 529 U.S. 53 59, (2000) (holding that additional time served due to errors in the calculation of a term of imprisonment cannot be offset against the remaining term of supervised release); *see also Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *2 (E.D. Va. Apr. 26, 2010) ("Even if [the petitioner's] claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release."); *Martin v. Belleou*, No. 5:05-CV-00609, 2008 WL 3539741, at *2 (S.D.W. Va. Aug. 12, 2008) (supervised term of release could not be reduced due to alleged error in calculation of

11

good time credits, rendering petition mooted by release).

The second exception, regarding challenged actions which are capable of repetition yet evading review, likewise is not applicable. As Baxter has been released from custody, "there is no reasonable expectation that [he] will be incarcerated again and face the same set of circumstances in the future." *Maultsby*, No. 1:17-CV-04612, 2018 WL 4289648, at *2. As Baxter has been released from custody, his claim that the BOP erred in calculating his release date is moot, given that, even if his argument is correct, there would be no effect on his term of supervised release and the only relief which Baxter could be granted, release from prison, he has already received.[1] As there is no further relief which this Court can grant based on this petition, the undersigned **FINDS** that Baxter's § 2241 petition is moot.

### 2. BOP was not required to implement FSA prior to its effective date

Even assuming that Baxter's claim was not mooted by his release, he would not be able to proceed on the merits. Baxter asserted in his petition that the BOP was wrongfully delaying the recalculation of his sentence in accordance with the requirements of the FSA. (ECF No. 1 at 5). Baxter explained that, at the time he filed his petition, if the BOP recalculated his sentence as required by the FSA, he was entitled to be released on June 6, 2019; however, the BOP was attempting to "circumvent" the requirements of the FSA by delaying its implementation. (ECF No. 11 at 1).

The FSA was enacted on December 21, 2018, and, in relevant part, amended 18

---

[1] To the extent that Baxter's complaints regarding the revocation of his placement in a halfway house should be construed as a substantive challenge to that decision, this challenge would also be rendered moot by Baxter's release. *See e.g. Jenkins v. United States,* No. CIV.A. 5:09CV62, 2009 WL 2176045, at *1 (N.D.W. Va. July 21, 2009). This Court additionally lacks the authority to order the BOP to take any specific action regarding Baxter's placement in a halfway house, assuming the issue was not moot. *See e.g. United States v. Smith,* No. 6:15-CR-00006-001, 2019 WL 4016211, at *2-3 (W.D. Va. Aug. 26, 2019).

U.S.C. § 3624(b), to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. However, the FSA further provided that the amendments related to the calculation of good time credits were not to take effect immediately, but rather, "shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system..." *Id.* at 5213. The required risks and needs assessment was completed on July 19, 2019. *See United States v. Lowe*, No. 1:15CR11-1, 2019 WL 3858603, at *3 (M.D.N.C. Aug. 16, 2019).[2]

Multiple courts in this district have considered similar habeas petitions and concluded that prisoners were not entitled to have their sentences calculated in accordance with the FSA's requirements prior to the July 19, 2019 implementation of the good time credits provisions of the Act. *See Martin v. Entzel,* No. 3:19-CV-25, 2019 WL 2946074, at *3 (N.D.W. Va. June 7, 2019), *report and recommendation adopted*, No. 3:19-CV-25, 2019 WL 2928762 (N.D.W. Va. July 8, 2019) ("[T]he First Step Act will not take effect until approximately July 19, 2019—Petitioner's current projected release date. ... the BOP is not mandated to implement the [FSA] until the effective date."); *Graves v. Andrews*, No. 5:19-HC-2053-FL, 2019 WL 6044883, at *1 (E.D.N.C. Nov. 14, 2019) (dismissing claim that BOP had failed to calculate new release date prior to implementation of the FSA when no indication that BOP failed to calculate good time credits after effective date of July 19, 2019); *Lowe*, No. 1:15CR11-1, 2019 WL 3858603, at *3 (same); *Luczak v. Coackley*, No. 2:19CV16, 2019 WL 2313631, at *4 (N.D.W. Va. Apr. 4, 2019), *report and recommendation adopted sub nom. Luczak v. Coakley*, No. 2:19-

---

[2] *See also The First Step Act of 2018: Risks & Needs Assessment System*, U.S. Dep't of Justice (last accessed Dec. 3, 2019), https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf.

13

CV-16, 2019 WL 2305150 (N.D.W. Va. May 30, 2019) (petitioner not entitled to recalculation under the FSA's good time credits provisions prior to effective enactment of the provisions). Baxter was released on July 19, 2019, the date the FSA became effective. (ECF No. 15-1 at 2). Contrary to Baxter's assertion, the BOP was not required to recalculate his sentence under the new requirements of the FSA prior to that date. Accordingly, even assuming that Baxter's request for an order requiring the BOP to conduct early calculation of his release date under the good time credits provisions of the FSA was not rendered moot by his release from custody, he would not be entitled to such an order. Therefore, the undersigned **FINDS** that Respondent's motion to dismiss should be granted and the petition dismissed.

### IV.     Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Respondent's Motion to Dismiss, (ECF No. 15), be **GRANTED**;

2. Petitioner's Application to Proceed without Prepayment of Fees or Costs, (ECF No. 2), be **DENIED** as **MOOT;**

3. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED**; and

4. This case be removed from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** December 5, 2019

Cheryl A. Eifert
United States Magistrate Judge